**No. 56282.**—Walco Bead Co., Inc. *v.* United States, protest 156182–K (New York).

COLE, Judge:  Small cylindrical pieces of glass, called "crystal ballotini," in four different sizes, i.e., 2¼, 2½, 2¾, and 3 millimeters in diameter, were imported by plaintiff, a corporation engaged in selling beads, trimmings, and various fancy items to the wholesale and retail manufacturing trade..  The collector classified the merchandise under paragraph 218 (a) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 218 (a)), as chemical articles, wholly or in chief value of glass, and assessed duty at 85 per centum ad valorem.  The basis for the collector's classification, as. stated by Government counsel at the trial, is that "the chief use of this merchandise is for laboratory glassware."

Plaintiff, contending that the merchandise is not used either in the manufacture of chemical articles or for any laboratory purpose, urges classification as manufactures of glass, not specially provided for, under paragraph 230 (d) of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, and supplemented by Presidential proclamation, 83 Treas. Dec. 149, T. D. 51898, dutiable at 40 per centum ad valorem.

The parties have agreed that the present merchandise is "not blown glass or partly blown in the mold or otherwise."

Frank Lustigman, a salesman in plaintiff's employ, testified that his company had made no more than five importations of "crystal ballotini" during the 3-year period when such merchandise has been imported.  All of the articles have been used by "pearlizers" who process the merchandise to imitate pearls.  The fractional sizes in question are peculiarly adapted for such use because they correspond with the sizes of chatons and rhinestones.which these "ballotini," or glass beads, replace as they are set and pasted into ornaments (plaintiff's collective illustrative exhibit 5), that are ultimately sold in chain stores, department stores, and other retail outlets.

Edward E. Behm, director of purchases for Eimer & Amend, dealer and manufacturer of chemical equipment—called by plaintiff—testified concerning his company's transactions and stated that it has never carried these glass beads in fractional sizes, and that although it sells the 3-, 4-, 5-, and 6-millimeter sizes, "Our most popular is 5 and 6 millimeter" because "The larger beads are used to better advantage" in the operation of chemical apparatus.

On motion of defendant, the record in *Eimer & Amend* v. *United States*, 6 Cust. Ct. 584, Abstract 45578, was incorporated.  In that case, the court described the merchandise as "tiny glass balls about the size of a buck-shot."  An examination

thereof (plaintiff's illustrative exhibit 1 in protests 954382–G, etc.) discloses that they are greater in diameter than the fractional sizes under consideration herein. Although the collector's assessment and the importer's claim in the incorporated case were the same as in the present one, the issue was materially different from that now before us. In that case, no question of size was in controversy, and the record was conclusive in showing that the merchandise was chiefly, if not exclusively, used in chemical laboratories in association with the handling of chemicals or chemical operations. The sole issue was whether the beads were articles or mere material, and following *United States* v. *Eimer & Amend*, 28 C. C. P. A. 10, C. A. D. 117, the court held the merchandise to be "articles," within the broad sense of the term contemplated by paragraph 218 (a), *supra*, thereby sustaining the collector's classification.

The distinction herein lies in the kind of merchandise now under consideration, particularly as to the sizes of 2¼, 2½, and 2¾ millimeters. Plaintiff's uncontradicted testimony with respect to such merchandise is sufficient to establish, *prima facie* at least, that those fractional sizes peculiarly adapt the articles for their ornamental use to imitate pearls. The factual finding, coupled with the concession that the merchandise is "not blown glass or partly blown in the mold or otherwise," removes the merchandise from paragraph 218 (a), *supra*, as classified by the collector. The residuary provision in paragraph 230 (d), as amended, *supra*, and as claimed by plaintiff therefore becomes applicable. To such extent the protest is sustained.

Concerning the 3-millimeter, or whole, size "ballotini," included herein, the proof embodied in the combined records before us tends to support the collector's action in applying the provisions of said paragraph 218 (a). Therefore, as to such merchandise the protest is overruled.

Judgment will be rendered in accordance with the conclusions hereinabove set forth.